Bobby Adame v. State of Texas














IN THE
TENTH COURT OF APPEALS
 

No. 10-99-139-CR

     BOBBY ADAME,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 31,243
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The State did not allege that the BB pistol was a deadly weapon by design. Maybe they
should have, given the warnings that accompany these products. The indictment alleged that it
was a deadly weapon because of the manner of its use or intended use. The defendant brandished
the BB pistol at the early stage of the robbery and then concealed it under a shirt. The clear intent
was a non-verbal threat that if the store clerk failed to comply, there would be serious
consequences. The clerk testified to her fear upon display of the BB pistol. The BB pistol had
its intended effect.
      The majority holds that because there was no evidence that the BB pistol was loaded, there
is legally insufficient evidence that the BB pistol was a deadly weapon. I disagree. The evidence
referred to above would allow a reasonable juror to conclude that his threat, though implied, was
not an idle threat. See Delgado v. State 986 S.W.2d 306, 309 (Tex. App.—Austin 1999, no pet.). 
After this case was submitted, the Court of Criminal Appeals held that carrying a butcher knife
in a hip pocket during the commission of a robbery was sufficient to affirm the deadly weapon
finding. McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). The Court concluded
that they agreed with the State that “...objects used to threaten deadly force are in fact deadly
weapons.” Id. The court held: 
For legal sufficiency purposes, the question is whether, "after viewing the evidence in
the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Given the
foregoing discussion, the mere carrying of a butcher knife during such a violent attack
as occurred in the present case was legally sufficient for a factfinder to conclude that the
"intended use" for the knife was that it be capable of causing death or serious bodily
injury. Hence, the evidence was legally sufficient to show that the butcher knife was a
deadly weapon under the circumstances. 
Id.
      I believe the majority has failed to properly apply McCain. I would hold that the evidence
was legally sufficient to uphold the finding that a deadly weapon was used in the commission of
the offense. Because the majority does not, I respectfully dissent.


                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed January 10, 2001
Publish